IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD AMADOR PENA,

     Petitioner,

v.                                No. 1:26-cv-00755-DHU-DLM

KRISTI NOEM, Secretary of U.S. Department
of Homeland Security; TODD LYONS, Acting
Director of Immigration and Customs
Enforcement (ICE); JOEL GARCIA, ICE
Director of El Paso Field Office; MELISSA
ORTIZ, Warden of Torrance County
Detention Facility; and DAREN MARGOLIN,
Director of Executive Office for Immigration
Review,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Richard Amador Pena's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is a citizen and national of Cuba who entered the United States without inspection on or about March 11, 2022. Doc. 1-5 at 3. The next day, he was issued a Notice to Appear and released pursuant to an Order of Release on Recognizance. *Id.* at 1. The Notice to Appear charged Petitioner as a noncitizen present in the United States "who ha[d] not been admitted or paroled." *Id.* at 3. Since his entry, Petitioner has resided in Texas, maintained steady employment, and accrued no criminal history. Doc. 1 ¶¶ 23-24.

On December 15, 2025, Petitioner appeared at a regular check-in appointment with U.S. Immigration and Customs Enforcement (ICE) in Dallas when he was taken into custody and later transferred to the Torrance County Detention Center in Estancia, New Mexico, where he remains

in custody. *Id.* ¶ 23. On February 6, 2026, an Immigration Judge ("IJ") granted the U.S. Department of Homeland Security's ("DHS") Motion to Pretermit, terminating removal proceedings and declining to adjudicate any of Petitioner's claims for immigration relief. Doc. 1-4 at 3. On March 4, 2026, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals, which remains pending. Doc. 1 ¶ 24.

On March 12, 2026, Petitioner filed the instant Petition, where he, among other things, challenges his re-detention without process as violating the procedural component of the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 79-91. He requests a Writ of Habeas Corpus requiring Respondents to immediately release him from custody or, alternatively, provide him a bond hearing pursuant to 8 U.S.C. § 1226(a), as well as attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* ¶ 138.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected

2

liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in March 2022, was detained within the United States, and was subsequently released on his own recognizance for over three years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, June 10, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Respondents must promptly return Petitioner's personal property to him, specifically within thirty (30) days of this Order.

3

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE